UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUNRISE HOSPITAL AND MEDICAL CENTER, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>ARIZONA PHYSICIANS IPA, INC.,<br><br>Defendant(s). | Case No. 2:18-CV-341 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Arizona Physicians IPA, Inc.'s motion to dismiss. (ECF No. 12). Plaintiff Sunrise Hospital and Medical Center, LLC filed a response (ECF No. 15), to which defendant replied (ECF No. 18).

**I.     Facts**

Plaintiff is a medical services provider with its principal place of business in Clark County, Nevada. (ECF No. 2). On an unspecified date or dates, plaintiff provided services to unnamed third parties who required urgent medical treatment.[1]  *Id.*  These third parties were allegedly enrolled in insurance plans offered by defendant. *Id.*  The complaint does not state whether plaintiff contacted defendant prior to rendering services. *Id.*  Instead, the complaint alleges that "[a]n implied contract was formed between [plaintiff] and [defendant]," and that defendant "fail[ed] to pay all of the amounts due and owing to [plaintiff] for the services provided to [defendant's] members." *Id.*

---

[1] Plaintiff notes that it declined to name the third parties in its publicly-filed complaint for privacy reasons, and asserts that it will provide a list of the third parties under seal "if and when required." (ECF No. 2). Plaintiff also states that it has provided defendant with a demand letter containing the disputed claims and relevant patient information. *Id.*

**James C. Mahan**
**U.S. District Judge**

On January 22, 2018, plaintiff filed its complaint in state court. *Id.* Plaintiff's complaint alleges causes of action for breach of implied contract, unjust enrichment and declaratory relief. On February 23, 2018, defendant removed the action to this court. (ECF No. 6).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

### i. Breach of implied contract

Here, plaintiff's complaint contains insufficient allegations to support its theory that an implied contract existed between plaintiff and defendant. The complaint and plaintiff's response to defendant's motion rely on the theory that offering services to an insured, without more, constitutes an implied contract between a provider and an insurance company. The court disagrees.

"Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (citing *Keddie v. Beneficial Insurance, Inc.*, 580 P.2d 955, 956 (Nev. 1978)). A contract implied in fact requires a showing that "the parties intended to contract and promises were exchanged, the general obligations for which must be sufficiently clear." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 256 (Nev. 2012); *see Smith v. Recrion Corp.*, 541 P.2d 663, 664 (Nev. 1975) (for a contract to be implied in fact, "the court would necessarily have to determine that both parties intended to contract"); *see also Cedars Sinai Medical Center v. Mid-West National Life Ins. Co. of Tenn.*, 118 F. Supp. 2d 1102, 1108 (C.D. Cal. 2000).

In *Cedars Sinai*, the court addressed implied contracts in the context of an insurance dispute. 118 F. Supp. 2d at 1108. The plaintiff in *Cedars Sinai* provided medical services to an insured party after obtaining a verification of insurance coverage. *Id.* at 1006-07. The court granted summary judgment in favor of defendant on plaintiff's implied contract claim. *Id.* at 1008. The court held that where there was no authorization provided by the insurer, "verification [alone could not] be construed as a binding contractual agreement." *Id.*

Here, plaintiff's complaint does not allege that plaintiff obtained verification of coverage or authorization. The complaint does not even allege that plaintiff contacted defendant at all. There is no reference to a prior course of dealing, or any other facts that would suggest that defendant intended to enter into an agreement with plaintiff. Therefore, because plaintiff has failed to plead that each party manifested an intent to enter into a contractual agreement, plaintiff's complaint fails to adequately plead the existence of an implied contract.[2] *Compare Cedars Sinai*, 118 F. Supp. 2d at 1008, *with Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, 2017 WL 4517111 (distinguishing *Cedars Sinai* because in *Summit* plaintiff's complaint alleged that defendants told plaintiff that "Defendants would pay for treatment at the usual, reasonable and customary rate"), *Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1042 (N.D. Cal. 2006) (holding that a reasonable jury could conclude that insurer-defendants exhibited an intent to contract because "[u]nlike in *Cedars Sinai*, defendants in this case provided both verification of coverage and explicit authorization for the hospital stay"). The court will dismiss plaintiff's breach of contract claim for failure to state a claim upon which relief can be granted. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

    *ii.    Unjust enrichment*

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and
> (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica*, 626 P.2d at 1273).

---

[2] Plaintiff's response to defendant's motion requests leave to amend. (ECF No. 15). As plaintiff has not filed the appropriate motion, the court will not consider plaintiff's request.

Here, plaintiff has not adequately pleaded an unjust enrichment claim. First, plaintiff's complaint does not allege that plaintiff conferred a benefit onto defendant or that defendant appreciated such a benefit. Instead, plaintiff asserts that it conferred a benefit onto third parties who held insurance policies with defendant at the time plaintiff provided medical services to these third parties. *Cf. Valley Health Sys. LLC v. Aetna Health, Inc.*, case no. 2:15-cv-01457-JCM-NJK, 2016 WL 3536519, at *3-4 (D. Nev. June 28, 2016) (dismissing plaintiff's unjust enrichment claim in the medical insurance context because "Valley Health has failed to identify any way in which Aetna has been enriched independently of the benefit its members received as a result of being provided with emergency medical services."). Second, the complaint does not allege that retention of any purportedly-conferred benefit would be inequitable in these circumstances. Therefore, the court will grant defendant's motion to dismiss as to plaintiff's unjust enrichment claim. *See Valley Health*, 2016 WL 3536519, at *3-4.

    iii.    Declaratory relief

Finally, the court will dismiss claim (3) of plaintiff's complaint, which requests declaratory relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . ."). As plaintiff's third cause of action requests a remedy of declaratory relief, and is not a substantive cause of action, the court will dismiss the claim to the extent it purports to create a cause of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED July 13, 2018.

_____
UNITED STATES DISTRICT JUDGE