UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SUNRISE HOSPITAL AND MEDICAL CENTER, LLC,

Plaintiff(s),

v.

ARIZONA PHYSICIANS IPA, INC.,

Defendant(s).

Case No. 2:18-CV-341 JCM (GWF)

ORDER

Presently before the court is plaintiff Sunrise Hospital and Medical Center, LLC's ("plaintiff") motion "to vacate and for leave to file first amended complaint." (ECF No. 36). Defendant Arizona Physicians IPA, Inc. ("defendant") filed a response (ECF No. 38), to which plaintiff replied (ECF No. 39).

Also before the court is plaintiff's motion to "amend/correct exhibit." (ECF No. 37). Defendant filed a response (ECF No. 38), to which plaintiff replied (ECF No. 39).

**I.    Facts**

The parties are already familiar with the underlying facts of this case. *See* (ECF No. 34). Accordingly, the court will not recite them again herein. However, the court will provide a brief summary of the procedural history that has led to the instant motions.

Defendant removed this civil action to federal court on February 23, 2018. (ECF No. 6). Plaintiff's complaint asserted three causes of action for (1) breach of implied contract; (2) unjust enrichment; and (3) "declaratory relief," related to defendant's alleged failure to reimburse plaintiff for medical services rendered to two of defendant's members. (ECF No. 10).

James C. Mahan
U.S. District Judge

1 On July 13, 2018, the court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 34). First, the court found that plaintiff had failed to plead the existence of an implied contract between it and defendant. *Id.* The court also found that plaintiff had failed to plead or identify any way in which defendant had been unjustly enriched in support of its second cause of action. *Id.* Finally, the court dismissed plaintiff's claim for "declaratory relief," as declaratory relief is a remedy, and not a separate cause of action. *Id.*

The court therefore dismissed plaintiff's complaint, without prejudice, and instructed the clerk to enter judgment accordingly and close the case. *Id.* The court now considers plaintiff's motions to reconsider its prior order and grant leave to amend its complaint. Because the substance of both of plaintiff's motions is identical, the court will construe both motions as motions for reconsideration. *See* (ECF Nos. 36, 37).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). However, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

## III. Discussion

Plaintiff's motions do not set forth any allegations or evidence that the court committed clear error in dismissing plaintiff's complaint, nor do they present any newly discovered evidence

or intervening changes in controlling law.  *See* (ECF Nos. 36, 37).  Rather, plaintiff informs the court of the liberal standard in the Ninth Circuit for granting leave to amend a complaint.  *Id.*

However, the proper time to amend plaintiff's complaint would have been before the court ruled on defendant's motion to dismiss, entered judgment, and closed the case. Now that judgment has been entered and plaintiff has not set forth any reason to set aside that judgment pursuant to the Federal Rules of Civil Procedure, the court declines to reconsider its previous order and grant plaintiff leave to amend.

Nevertheless, the court dismissed plaintiff's complaint without prejudice.  *See* (ECF No. 34).  Therefore, plaintiff is free to bring its revised claims against defendant before an appropriate forum if plaintiff so desires.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion "to vacate and fore leave to file first amended complaint" (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to "amend/correct exhibit" (ECF No. 37) be, and the same hereby is, DENIED.

DATED February 21, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**